IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED TRANSPORTATION UNION, et al.,<br><br>    Petitioners,<br><br>  v.<br><br>UNION PACIFIC RAILROAD CORPORATION,<br><br>    Respondent.<br>_____/ | No. C-08-3681 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RESPONDENTS' MOTION TO DISMISS; CONTINUING CASE MANAGEMENT CONFERENCE** |

  Before the Court is respondent Union Pacific Railroad Corporation's ("Union Pacific") "Motion to Dismiss Based on Lack of Ripeness," pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed September 30, 2008.  Petitioners United Transportation Union ("UTU"), Nick Bjazevich ("Bjazevich"), R.A. Brucker ("Brucker"), M.A. Cervantez ("Cervantez"), B.W. Humble ("Humble"), B.L. Henry ("Henry"), M.S. Redmond ("Redmond"), and K.L. Summers ("Summers") have filed opposition, to which Union Pacific has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, hereby VACATES the hearing scheduled for November 7, 2008, and rules as follows.

  1.  Contrary to Union Pacific's argument, the awards issued by the National Railroad Adjustment Board ("NRAB"), First Division ("NRAB awards"), to Bjazevich, Henry, and Cervantez do not lack finality by reason of Union Pacific's having requested interpretations

of such awards by the NRAB.  See 45 U.S.C. § 153 First(m) (providing awards of divisions of NRAB "shall be final and binding upon both parties to the dispute"); see also Brotherhood of Locomotive Eng'rs & Trainmen v. CSX Transp., Inc., 522 F.3d 1190, 1192-93, 1200 (11th Cir. 2008) (holding request for interpretation did not toll statute of limitations on petition to enforce award; noting that once interpretation is obtained, "the parties can make [it] available to the Court in the enforcement action"); Transp. Commc'ns Int'l Union v. CSX Transp., Inc., 30 F.3d 903, 907 (7th Cir. 1994) (holding decision of division of NRAB "remains final and binding on the parties and [a] request for an interpretation . . . does not change this").

     2.  Contrary to Union Pacific's argument, the subject NRAB awards are not insufficiently definite by reason of any omission therefrom of a specified amount of back pay to be paid.  Union Pacific's reliance on Railroad Yardmasters of North Am. v. Ind. Harbor Belt R. Co., 166 F.2d 326, 330 (7th Cir. 1948), is unavailing.  In Railroad Yardmasters, neither the NRAB's award nor its findings disclosed any facts "upon which an award could be based."  See id. at 329-30.  By contrast, in the instant action, the NRAB awards adequately state the facts upon which they are based.  (See Compl. Awards Nos. 26613, 26631, 26634.)  Additionally, the awards sufficiently inform Union Pacific as to "what it is required to do," see R.R. Yardmasters, 166 F.2d at 330, by stating that each petitioner shall be paid for "all time lost" and by instructing Union Pacific as to what action it must take with respect to each petitioner's disciplinary record (see Compl. Awards Nos. 26613 at 2; 26631 at 2; 26634 at 3).  Union Pacific has cited no authority holding any more is required.

     3.  Contrary to Union Pacific's argument, the NRAB awards are not subject to dismissal on the ground that the NRAB has failed to articulate the time within which Union Pacific is required to make payment.  See § 153 First(*o*) (providing where NRAB makes monetary award, order must direct carrier "to pay to the employee the sum to which he is entitled under the award on or before a day named").  Here, each of the NRAB awards states that Union Pacific "is ordered to make the Award effective on or before 30 days following the postmark date the Award is transmitted to the parties."  (See Compl. Awards

Nos. 26613, 26631, 26634.) Such provision is sufficient to meet the requirements of § 153 First(*o*).[1]

      4. To the extent the petition seeks enforcement of the awards in favor of Brucker, Summers, Redmond, and Humble, the petition is subject to dismissal, due to the failure of Public Law Board No. 6778 ("PLB"), in its orders granting awards to such petitioners, to "direct the other party to comply therewith on or before the day named." See § 153 Second. Specifically, said awards fail to state dates by which compliance must be accomplished by Union Pacific. (See Compl. Awards Nos. 90, 91, 93, 106.) Consequently, the Court lacks subject matter jurisdiction over the petition to enforce said awards. See R.R. Yardmasters, 166 F.2d at 329 (holding action for enforcement of award of division of NRAB "cannot be maintained upon an order which fixes no time limit for compliance"); see also § 153 Second (providing "[c]ompliance with [special boards of adjustment] awards shall be enforcible by proceedings in the United States district courts in the same manner and subject to the same provisions that apply to proceedings for enforcement of compliance with awards of the [NRAB]").

## CONCLUSION

For the reasons stated above, Union Pacific's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

      1. To the extent Union Pacific seeks dismissal of the petition to enforce the awards in favor of Bjazevich, Henry, and Cervantez, the motion is DENIED.

---

[1]Although not expressly raised by Union Pacific, the Court also has considered whether the petition sufficiently alleges Union Pacific's failure to comply by the date specified. See § 153 First(p) (providing petitioner may file petition to enforce award "[i]f a carrier does not comply with an order of a division . . . within the time limit in such order"). Although petitioners do not identify the specific postmark dates on which the NRAB awards were transmitted, petitioners allege that Union Pacific "has failed to comply with said Awards" (see Compl. ¶ 19), and Union Pacific has neither asserted nor presented evidence suggesting that fewer than 31 days elapsed between the postmark dates and the date on which the instant action was filed. Accordingly, drawing all reasonable inferences in petitioners' favor, see Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) (holding, in facial attack on subject matter jurisdiction, court "assume[s] [plaintiff's] allegations to be true and draw[s] all reasonable inferences in his favor"), the Court finds petitioners have sufficiently pleaded subject matter jurisdiction under § 153 First(p).

   2. To the extent Union Pacific seeks dismissal of the petition to enforce the awards in favor of Brucker, Summers, Redmond, and Humble, the motion is GRANTED and, to such extent, the petition is DISMISSED without prejudice.

   In light of the pending request for interpretation of the NRAB awards, the Case Management Conference scheduled for November 7, 2008, is hereby CONTINUED to January 16, 2008.

   **IT IS SO ORDERED.**

Dated: November 5, 2008

MAXINE M. CHESNEY
United States District Judge