IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED TRANSPORTATION UNION, et al., | No. C-08-3681 MMC |
| Petitioners, | **ORDER DENYING PETITIONER UNITED TRANSPORTATION UNION'S MOTION FOR PARTIAL RECONSIDERATION** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Respondent. / | |

   Before the Court is petitioner United Transportation Union's ("UTU") "Motion for Partial Reconsideration of Court's Dismissal," filed November 20, 2008, by which motion UTU seeks reconsideration of the Court's order, filed November 6, 2008, to the extent such order dismissed the petition to enforce the awards in favor of petitioners R.A. Brucker, K.L. Summers, M.S. Redmond, and B.W. Humble.  Having read and considered the motion, the Court rules as follows.

   UTU has failed to file a motion for leave to file its motion for reconsideration; consequently, the motion for reconsideration fails to comply with Civil Local Rule 7-9, and will be denied on such ground.  See Civ. L.R. 7-9(a) (providing "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion").

   Further, even if the Court were to construe the instant motion as a motion for leave, the motion is unavailing.  In Lekas v. United Airlines, Inc., 282 F.3d 296 (4th Cir. 2002), on

which UTU relies, the court did not consider the ground for dismissal raised by respondent herein, as the carrier in Lekas did not make the argument that the awards therein were unenforceable due to the failure of such awards to state a date for compliance; rather, the carrier argued the claim was barred by the statute of limitations. See id. at 298-99.

Moreover, the cases on which Lekas relies are wholly distinguishable. In those cases, the employees, unlike petitioners herein, were not seeking to compel enforcement of an award, but, rather, to have the award set aside. See Jones v. Seabord Sys. R.R., 783 F.2d 639, 641 (6th Cir. 1986) (noting, where award issued in favor of carrier, employee "requested entry of an order compelling the NRAB to reopen and reconsider its . . . decision"); Gatlin v. Mo. Pac. R.R. Co., 631 F.2d 551, 553 (8th Cir. 1980) (noting, where awards issued in favor of carrier, employees "ask[ed] simply that the decision of Public Law Board 596 be set aside"). Under such circumstances, those courts, not surprisingly, found the employees' causes of action accrued on the dates the awards were issued. See Jones, 783 F.2d at 643; Gatlin, 631 F.2d at 555.

Accordingly, UTU's motion for reconsideration is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 25, 2008

MAXINE M. CHESNEY  
United States District Judge